UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBYN JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4667** |
| **GATE GOURMET, INC.** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Prosecute filed by Defendant Gate Gourmet, Inc.[1] Defendant filed this Motion on August 14, 2023, as a result of what it contends is Plaintiff Robyn Joseph's "willful, contumacious failure to prosecute her own lawsuit, participate in discovery, obey the Court's discovery Orders, or comply with the Scheduling Order deadlines." Plaintiff did not file any response or opposition to Defendant's Motion. For all the reasons that follow, Defendant's Motion to Dismiss for Failure to Prosecute is **GRANTED**.

## BACKGROUND

On November 28, 2022, Plaintiff Robyn Joseph filed this employment discrimination action against Defendant seeking damages for alleged racial and gender discrimination.[2] Defendant answered the lawsuit, and the Court entered a Scheduling Order on April 13, 2023.[3] On May 4, 2023, Defendant served Plaintiff with written discovery requests, consisting of Interrogatories and Requests for Production of Documents.[4] After Plaintiff failed to answer its written discovery requests, on June 26, 2023, Defendant filed a Motion to Compel,[5] which the Magistrate Judge granted on July 7, 2023, ordering Plaintiff to produce discovery responses by

---

[1] R. Doc. 45.
[2] R. Doc. 1.
[3] R. Docs. 12, 19.
[4] R. Doc. 30-2.
[5] R. Doc. 30.

4:30 p.m. on July 14, 2023.[6] The Magistrate Judge also ordered Plaintiff to appear for a deposition on August 1, 2023, at 10:00 a.m. at the office of counsel for Defendant.[7]

Notwithstanding the Magistrate Judge's order, Plaintiff failed to provide discovery responses by the July 14 deadline. She also failed to file or serve her witness and exhibit lists, which, under the Court's Scheduling Order, were also due by July 14, 2023.[8] As a result, Defendant filed a second Motion to Compel on July 20, 2023.[9] On July 25, the Magistrate Judge found it was not necessary to enter a second order that Plaintiff answer the same discovery requests she had previously been ordered to answer.[10] And because Plaintiff had not yet failed to appear for her August 1, 2023 deposition, the Magistrate Judge denied Defendant's motion to the extent it sought to reschedule Plaintiff's deposition to occur at least two weeks after Defendant received Plaintiff's discovery responses.[11]

On August 1, 2023, Plaintiff arrived an hour late for her deposition[12] and left after only 34 minutes,[13] even though the Federal Rules of Civil Procedure allow up to seven hours for the taking of a deposition.[14] Defendant contends in its Motion to Dismiss that Plaintiff promised to provide

---

[6] R. Doc. 34.
[7] R. Doc. 34.
[8] R. Doc. 19 at 2 (". . . the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than Friday, July 14, 2023").
[9] R. Doc. 36.
[10] R. Doc. 38 at 1 (". . . the Court is not inclined to re-issue an Order on substantively the same subject motion of which the Plaintiff has not previously complied").
[11] *Id.* at 2.
[12] In support of its Motion to Dismiss, Defendant attached portions of the transcript of Plaintiff's deposition. *See* R. Doc. 45-2. The court reporter noted a start time of 11:07 a.m., and Plaintiff conceded during the deposition that it was noticed to begin at 10:00 a.m., and that she was late due to a "[b]it of an anxiety attack." *Id.* at 1, 5–6.
[13] Shortly after 11:00 a.m., Plaintiff advised counsel for Defendant she had to leave the deposition by 11:40 a.m. *Id.* at 7–8. During this same deposition colloquy, a record was made that the Magistrate Judge had stressed to Plaintiff that she needed to be available on August 1 for her deposition. *Id.* at 9; *see also id.* (quoting the transcript from the hearing on the motion to compel wherein the Magistrate Judge, discussing the Order setting the deposition, said to Plaintiff, "[I]f you don't comply, then you will violate the court's order and it's going to hurt you.").
[14] FED. R. CIV. P. 30(d)(1).

Defendant with discovery responses after August 5, 2023, due to her grandmother's funeral,[15] but no responses were provided prior to the August 14, 2023 filing date of the instant Motion. Notably, on August 14, the parties were less than 30 days from the September 12, 2023 pretrial conference and barely over 60 days away from the October 16, 2023 jury trial. Plaintiff had not answered written discovery, nor provided a list of witnesses and exhibits, and had been "deposed" for only 30 minutes.[16]

## THE PRESENT MOTION

Defendant contends dismissal of this action is appropriate due to Plaintiff's: (1) refusal to respond to Defendant's discovery requests within the applicable deadlines; (2) willful disobedience of the Magistrate Judge's July 7, 2023 Order compelling Plaintiff to produce her overdue discovery responses by July 14, 2023; (3) abandonment of her Court-ordered deposition after appearing one hour late, and giving only 34 minutes of testimony in defiance of the Magistrate Judge's order that Plaintiff make herself available for an entire day; and (4) failure to comply with the Court's Scheduling Order by failing to file witness and exhibit lists.

## LAW AND ANALYSIS

### A. Dismissal for Failure to Prosecute Under Federal Rule of Civil Procedure 41(b)

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action based on a plaintiff's failure to prosecute or comply with an order of the court.[17] Rule 41(b) allows a district court to dismiss an action for failure to prosecute upon motion of a defendant or upon its own

---

[15] Plaintiff testified in her deposition on August 1, that "the services for [her] grandmother are Saturday [August 5, 2023]," after which Plaintiff would be "in a much better place to answer" the discovery requests. R. Doc. 45-2 at 13.
[16] A reading of the deposition transcript reveals that essentially no substantive testimony was given and also contains Plaintiff's admissions that she had not answered written discovery, had evidence in the form of audio or video recordings she had not shared with Defendant, and knew that the Magistrate Judge had ordered her to be prepared to give a meaningful deposition on August 1, 2023, beginning at 10:00 a.m. *See* R. Doc. 45-2.
[17] *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).

3

motion.[18] "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[19]

The Fifth Circuit has made clear that dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue her claim, and is only proper under Rule 41(b) when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined lesser sanctions would not prompt diligent prosecution, or the district court employed lesser sanctions that proved to be futile.[20] The Fifth Circuit has further explained that for dismissal with prejudice to be appropriate, generally at least one of three "aggravating factors" must also be present: (1) the delay was caused by the litigant herself and not her attorney; (2) there was actual prejudice to the other party; or (3) the delay was caused by intentional conduct.[21] The Fifth Circuit has also recognized that the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.[22] Indeed, a *pro se* plaintiff is obligated to show excusable neglect, which requires more than mere ignorance.[23]

B. Application of Federal Rule of Civil Procedure 41(b) in the Present Case

After careful and thorough consideration of the facts of this case, along with the factors a federal district court must weigh when working to achieve a just result under Federal Rule of Civil Procedure 41(b),[24] the Court concludes dismissal with prejudice is the correct result in this case.

---

[18] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).
[19] *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962).
[20] *Berry*, 975 F.2d at 1191; *see also Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2 1513, 1519–21 (5th Cir. 1985).
[21] *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).
[22] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).
[23] *Id*.
[24] Defendant's Motion also argued dismissal is proper as a discovery sanction, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). Because the Court concludes a fulsome record and basis exists for dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b), the Court pretermits any analysis under Rule 37.

Dismissal with prejudice is warranted because there is a clear pattern of delay and contumacious conduct by Plaintiff, who has consistently failed, throughout the discovery process, to provide Defendant with information necessary for Defendant to understand the claims against it and to properly defend itself. Indeed, in flagrant disregard of the Magistrate Judge's order, Plaintiff has failed, even up to this point, to provide Defendant with basic written discovery responses. Plaintiff also failed to provide a list of witnesses and exhibits. Despite being ordered to do so, and warned that serious potential consequences could ensue,[25] Plaintiff failed to make herself available for a deposition by leaving after barely more than 30 minutes into the deposition, and before the Defendant had a meaningful opportunity to examine her. Underlying the Court's conclusion that dismissal with prejudice is the only appropriate result here, the Court expressly finds that lesser sanctions would not prompt a diligent prosecution by the Plaintiff, and the Court concludes lesser sanctions would prove futile.

Indeed, all the factors, which courts must assess when considering whether dismissal with prejudice is appropriate, point to dismissal with prejudice in this case. The Court finds Plaintiff's actions constitute willful conduct. Plaintiff is a self-represented litigant, so she cannot be said to be a good faith or innocent litigant whose failures are attributable to counsel. In this case, Plaintiff personally received orders from the Magistrate Judge, and personally made assurances to both the Magistrate Judge and the Defendant, and then failed to honor those assurances.

Moreover, Defendant has shown it has suffered actual prejudice. Plaintiff failed to provide Defendant with necessary information during the discovery period, even after being ordered to do so by the Magistrate Judge. Defendant underwent the expense of preparing for a deposition that ended almost as soon as it started. Defendant, unprepared to go to trial or meet its own obligations

---

[25] *See supra* text accompanying note 13.

under the Court's Scheduling Order as a result of Plaintiff's failures, moved to stay this action.[26] The Court granted Defendant's motion,[27] and this matter did not go forward for trial on October 16, 2023, as originally scheduled. Further, because Plaintiff provided basically no information to Defendant regarding witnesses and exhibits, or the most basic information regarding the substance of her claims, and also failed to give a meaningful deposition, the Court-ordered August 14, 2023 Settlement Conference[28] was canceled because, as the Magistrate Judge determined, this matter was "not ripe for settlement negotiations."[29] All the while, Defendant, lacking the most basic information needed to defend itself, or even to help put the case in a posture for settlement, has been forced to incur unnecessary expense and delay as a result of Plaintiff's failures.

While public policy favors resolution of civil actions on their merits instead of through procedural devices, the public has an interest in expeditious resolution of litigation, and federal courts have an obligation to manage their dockets to secure the just and speedy determination of actions pending before the court.

In further support of its decision to dismiss this action with prejudice, the Court finds significant the Magistrate Judge's warning to Plaintiff at the July 7 hearing on Defendant's Motion to Compel that the failure by Plaintiff to comply with her discovery obligations could lead to the dismissal of her case.[30] This unheeded warning—which came before plaintiff again failed to answer discovery, failed to provide information regarding her witnesses or exhibits, and failed to meaningfully appear for her deposition—coupled with Plaintiff's failure to work to have her deposition set, or to engage in any discovery of her own, is powerful evidence that lesser sanctions

---

[26] R. Doc. 47.
[27] R. Doc. 49.
[28] R. Doc. 29.
[29] R. Doc. 44.
[30] "There are cases that when -- even if you're having difficulty . . . There are cases in which your refusal to answer the discovery can result in a dismissal of your case . . . The rules, unfortunately, in court for you matter. . . And so they will be complied with." R. Doc. 45-2 at 27.

would not be effective in this instance because Plaintiff has revealed a strong and repeated willingness to disregard the orders of this Court.

Indeed, facing the unenviable task of determining whether the ultimate sanction—dismissal of Plaintiff's case—is warranted, the Court has received no response or opposition from Plaintiff to Defendant's Motion to Dismiss. The Court has received nothing from Plaintiff to help the Court understand, from Plaintiff's perspective, why the Court should not grant this fatal Motion.[31] Rather, Plaintiff has failed to act at all in response to Defendant's Motion—a motion that seeks to dismiss her case for a lack of action. Plaintiff has not offered any evidence of excusable neglect or any explanation to rebut the presumption—or to rebut Defendant's direct evidence in the record—that Plaintiff's failures have caused prejudice to Defendant.

Thus, after giving careful consideration to all the relevant factors, and the totality of the circumstances in this case, the Court finds dismissal with prejudice under Federal Rule of Civil Procedure 41(b) is appropriate. Indeed, while the Court is mindful of the seriousness of this result, for the Court to find otherwise would result in an injustice to the Defendant.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute (R. Doc. 45) is **GRANTED**.

---

[31] In her very brief deposition, Plaintiff told counsel for Defendant she had a "bit of an anxiety attack" and represented to defense counsel that her grandmother had died, and her services would be held less than a week after the scheduled deposition. Plaintiff also represented to counsel for Defendant that having to answer discovery brought back bad memories of the events that gave rise to her lawsuit. Mindful that many plaintiffs have to re-live painful memories in order to pursue civil damage claims, the Court is sympathetic to these challenges, but now, more than two months after she left her deposition without completing it, Plaintiff has failed to advance any legally significant argument or analysis to show how these challenges caused her to repeatedly violate court orders, and why Plaintiff has failed, even to this point, to comply with the Court's orders, or to provide Defendant with discovery responses. Based upon the totality of the circumstances, while trying to give fair consideration to the Plaintiff, the Court finds Plaintiff has failed to offer evidence of excusable neglect. And based on the record and the evidence presented by Defendant, the Court finds a willful, contumacious failure by Plaintiff to advance her case.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant, Gate Gourmet, Inc., are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 16th day of October 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**